Vahag Matevosian, Esq. (State Bar No. 283710)
Consumerlitigationteam@kaass.com

**KAASS LAW**
313 East Broadway, Ste "944"
Glendale, California 91209
Telephone. 310.943.1171

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GALINA MIKAYELYAN, an individual;
          Plaintiff,

vs.

AMERICAN HONDA FINANCE CORPORATION,
A California Corporation
BANK OF AMERICA N.A., A National Association
DEPARTMENT STORES NATIONAL BANK, A
South Dakota Corporation
BMW FINANCIAL SERVICES, INC., An Ohio
Corporation
CACH, LLC., A Colorado Limited Liability
Company
CAPITAL ONE BANK (USA) N.A., A National
Association
CHASE BANK USA N.A., A National Association
CITIBANK N.A., A National Association
EQUABLE ASCENT FINANCIAL, LLC., A
Delaware Limited Liability Company
GE CAPITAL RETAIL BANK, A Utah Corporation
HSBC BANK USA N.A., A National Association
MACYS CORPORATE SERVICES, INC., A
Delaware Corporation
MIDLAND FUNDING, LLC., A Delaware Limited
Liability Company
NISSAN MOTOR ACCEPTANCE, A California
Corporation
NORDSTROM, INC., A Delaware Corporation
PORTFOLIO RECOVERY ASSOCIATES, LLC., A
Delaware Limited Liability Company
RJM ACQUISTIONS, LLC., A New York Limited
Liability Company
VERIZION WIRELESS TELECOM, INC., A
California Corporation

          Defendants.

Case No. **CV12-8686** PA ( AJWx)

**COMPLAINT FOR:**

1. **Willful Violations of Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b);**
2. **Negligent Violations of Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b);**
3. **Intentional Violations of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a);**
4. **Negligent Violations of California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a);**
5. **Violations of Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g);**
6. **Violation of California Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788.17.**
7. **Defamation by Libel**

**JURY TRIAL DEMANDED**

1

COMPLAINT

Plaintiff, through counsel, alleges:

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendants transacts business in said State and district.

## PARTIES

4.      Plaintiff, Galina Mikayelyan ("Plaintiff"), is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendants AMERICAN HONDA FINANCE CORPORATION ("HONDA"); BANK OF AMERICA N.A. ("BANA"); DEPARTMENT STORES NATIONAL BANK ("DSNB"); BMW FINANCIAL SERVIES, INC ("BMW"); CACH, LLC ("CACH"); CAPITAL ONE BANK (USA) N.A. ("CAPITAL"), CHASE BANK USA N.A. ("CHASE"); CITIBANK N.A. ("CITI"); EQUABLE ASCENT FINANCIAL, LLC ("EQUABLE"); GE CAPITAL RETAIL BANK ("GE"); HSBC BANK USA N.A. ("HSBC"); MACYS CORPORATE SERVICES, INC ("MACYS"); MIDLAND FUNDING, LLC ("MIDLAND"); NISSAN MOTOR ACCEPTANCE ("NISSAN"); NORDSROM, INC ("NORDSROM"); PORTFOLIO RECOVERY

1 | ASSOCIATES, LLC ("PRA"); RJM ACQUISTIONS, LLC ("RJM") and VERIZON WIRELESS

2 | TELECOM, INC ("VERIZON") are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal.

3 | Civ. Code § 1785.3(j).

4 |       7.     Defendants are each a "furnisher of information" as referenced under 15 U.S.C. §

5 | 1681s-2 who, as part of their regular course of business, furnish information concerning

6 | consumers to the Credit Reporting Agencies.

7 |       8.     Defendants CACH, EQUABLE, MIDLAND, PRA and RJM are each a "debt

8 | collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), who at all relevant

9 | times were engaged in the business of collecting consumer debts, as defined by 15 U.S.C. §

10 | 1692a(5).

11 |       9.     Pursuant to Fed. R. Civ. P. 20(a)(2) Plaintiff brings this action against Defendants

12 | under one joint complaint because any right to relief is asserted against them jointly, severally, or

13 | in the alternative with respect to or arising out of the same transaction, occurrence, or series of

14 | transactions or occurrences, and identical questions of law common to all defendants will arise.

15 |      10.    When a reference in this Complaint is made to any act or omission of Defendants'

16 | corporation, company, association, business entity, or partnership, such allegation shall be deemed

17 | to mean that the Defendants and their owners, officers, directors, agents, employees, or

18 | representatives did or authorized such act or omission while engaged in the management,

19 | direction, or control of the affairs of Defendants and while acting within the scope and course of

20 | their duties.

21 | **FACTUAL ALLEGATIONS**

22 |      11.    On or about September, 2011 and  June 2012 Plaintiff obtained her credit reports

23 | maintained by the three major credit reporting agencies: Experian, Equifax, and TransUnion

24 | (collectively "CRAs").  Upon review of the information contained in her credit reports, Plaintiff

25 | discovered accounts in derogatory status reported by Defendants HONDA (Partial Account No.

26 | 12607xxxx), BANA (Partial Account No. 488893299749xxxx), DSNB (Partial Account No.

27 | 210296086xxxx), BMW (Partial Account No. 400118xxxx), CACH (Account No. 120017130220

28 | and 120017982222), CAPITAL (Partial Account No. 517805258469xxxx), CHASE (Partial

1   Account    No.    435787749019xxxx,    418550600042xxxx,    426684107407xxxx,    and

2   541657234572xxxx), CITI (Partial Account No. 601164432267xxxx, 542418065052xxxx,

3   504994015651xxxx, and 603532021064xxxx), EQUABLE (Partial Account No. 503xxxx and

4   503xxxx), GE (Partial Account No. 601859052601xxxx and 600889349360xxxx), HSBC (Partial

5   Account No. 426932000186xxxx and 540801003327xxxx), MACYS (Partial Account No.

6   440369433xxxx), MIDLAND (Partial Account No. 853669xxxx, 853802xxxx, and 854926xxxx),

7   NISSAN (Partial Account No. 2500598xxxx), NORDSTROM (Partial Account No. 821875xxxx),

8   PRA (Partial Account No. 29571xxxx and 540801003327xxxx), RJM (Partial Account No.

9   32R594xxxx), and VERIZON (Partial Account No. 6717869100xxxx),      (collectively

10  "Accounts").

11      12.     After careful review of the above referenced accounts, Plaintiff determined that the

12  accounts do not belong to her.

13      13.     Consequently, on or about September 20, 2011 and June 2, 2012 pursuant to 15

14  U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to the CRAs stating that the above

15  referenced accounts do not belong to her.

16      14.     Based on information and belief, the CRAs contacted the Defendants about

17  Plaintiff's dispute of the accounts furnished by each Defendant.

18      15.     Following the submission of her credit bureau disputes, Plaintiff mailed dispute

19  letters to Defendants on or about October 11, 2011 and June 30, 2012.

20      16.     Plaintiff mailed dispute letters, identical in content, to Defendants HONDA,

21  BANA, DSNB, CAPITAL, CHASE, CITI, GE, HSBC, MACYS, NISSAN, NORDSTROM,

22  VERIZON requesting to provide documentation substantiating the existence, ownership, and

23  accuracy of their accounts as reported to the CRAs. Alternatively, Plaintiff requested deletion of

24  the inaccurate accounts reported by these Defendants in the absence of the verification documents.

25      17.     Plaintiff mailed separate set of dispute letters, identical in content, to Defendants

26  CACH, EQUABLE, MIDLAND, PRA AND RJM requesting validation of their purported debts

27  and verification of accuracy of their collection accounts as reported to the CRAs. In the absence of

28

1 | the requested verification documents, Plaintiff requested deletion of the accounts reported by these
2 | Defendants.

3 | 18.     In contrast to the remaining Defendants, CACH, EQUABLE, MIDLAND, PRA
4 | AND RJM are also third party debt collectors. As such, Defendants CACH, EQUABLE,
5 | MIDLAND, PRA AND RJM had further obligation to communicate with Plaintiff regarding the
6 | alleged debts prior to their credit reporting. Defendants CACH, EQUABLE, MIDLAND, PRA
7 | AND RJM, however, failed to comply with this obligation. Consequently, Defendants CACH,
8 | EQUABLE, MIDLAND, PRA AND RJM had reported debts to the CRAs without notice and
9 | validation.

10 | 19.     Several days following Plaintiff's credit bureau dispute, updated credit reports
11 | showed that Defendants had allegedly verified the accounts to the CRAs. When Plaintiff requested
12 | proof of the alleged verification, Defendants failed to provide any such supporting documentation.

13 | 20.     On or about November 18, 2011 and July 29, 2012, Plaintiff sent letters to
14 | Defendants, through her authorized agent, to follow up on her previous requests for production of
15 | documents to support their alleged verifications. Defendants and each one of them failed to
16 | respond properly or at all to Plaintiff's follow-up requests and again failed to produce any proof of
17 | Defendants' alleged verification of the accounts.

18 | 21.     On or about January 23, 2012 and August 10, 2012 Plaintiff sent letters to
19 | Defendants, through her authorized agent, with a final request to produce verification documents
20 | or proceed with deletion of the disputed accounts. Defendants and each one of them once again
21 | failed to address Plaintiff's request.

22 | 22.     Plaintiff submitted three (3) separate letters to each Defendant requesting proof of
23 | investigation and verification in support of Defendants alleged verification with the CRAs.
24 | Defendants, however, repeatedly and continuously disregarded these requests and failed to
25 | produce such proof. Thus, it is reasonable to presume that Defendants do not have confirmative
26 | support for their alleged investigation and verification with the CRAs.

27 | 23.     As of this date, Defendants tenaciously continue to report the unverified accounts
28 | on Plaintiff's credit reports maintained by the CRAs.

24.     As a result of Defendants' reporting of the unverified, hence, inaccurate accounts, Plaintiff's creditworthiness is negatively impacted. Defendants' conduct in turn caused the Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

a.      Actual damages caused by monetary losses relating to denials to obtain new credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated interest rates and finance charges;

b.      Out of pocket expenses incurred as a result of communications with Defendants, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

c.      Emotional distress and mental anguish associated with derogatory credit information reported by Defendants about Plaintiff to parties with access to Plaintiff's credit reports;

d.      Decreased credit rating and creditworthiness which resulted in denial to obtain new credit, employment or housing on future attempts.

## FIRST COUNT - Against All Defendants

## (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

25.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

26.     Defendants knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

27.     Defendants violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct proper investigation of disputed information.

28.     Defendants violated 15 U.S.C. § 1681s-2 (b)(2) because they failed to take proper action of verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

29.     Defendants' violations actually and proximately caused Plaintiff's injuries.

30.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants' are in violation of the FCRA.

31.     Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## SECOND COUNT - Against All Defendants

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

32.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

33.     Defendants' negligently violated 15 U.S.C. § 1681s-2(b) because they breached their duty to report accurate credit information which actually and proximately caused Plaintiff's injuries.

34.     Defendants' violations actually and proximately caused Plaintiff's injuries.

35.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants violated the FCRA.

36.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD COUNT - Against All Defendants

### (Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

37.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

38.     Defendants knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants knew to be inaccurate or the accuracy of which was not known nor verified at the time of furnishing.

39.     Defendants' violations actually and proximately caused Plaintiff's injuries.

40.     As a result of the Defendants' violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual

1   damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful

2   noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering

3   deletion of the subject unverified accounts from reporting with the CRAs pursuant to Cal.Civ.

4   Code § 1785.31(b).

5   <center>**FOURTH COUNT - Against All Defendants**</center>

6   <center>**(Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**</center>

7   41.   Plaintiff repeats and repleads each and every allegation contained in all prior

8   paragraphs and incorporates the same herein by reference.

9   42.   Defendants negligently breached their duty to report accurate credit information by

10  disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting

11  information that Defendants should have known to be inaccurate or the accuracy of which was not

12  known nor verified at time of furnishing.

13  43.   Defendants' violations actually and proximately caused Plaintiff's injuries.

14  44.   As a result of the Defendant's violations, Plaintiff suffered personal humiliation,

15  embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages,

16  including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code §

17  1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting

18  with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

19  <center>**FIFTH COUNT - Against Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM**</center>

20  <center>**(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**</center>

21  45.   Plaintiff repeats and repleads each and every allegation contained in all prior

22  paragraphs and incorporates the same herein by reference.

23  46.   Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM knowingly,

24  willfully, and intentionally disregarded the notice and disclosure requirements imposed under 15

25  U.S.C. § 1692g(a)—requiring Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM to

26  notify Plaintiff of the purported debts and of Plaintiff's rights under the FDCPA.

27  47.   Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM knowingly,

28  willfully, and intentionally failed to cease collection activities.

<center>8
COMPLAINT</center>

48.    Defendants disregarded Plaintiff's request for debt validation but continued credit reporting on the alleged debts in the absence of proper validation of debts in violation of 15 U.S.C. § 1692g(b).

49.    Defendants used false, deceptive, and misleading representation or means in their attempts to collect purported debts from Plaintiff.  Defendants falsely represented the character, amount, or legal status of debts in violation of 15 U.S.C. § 1692e(2).  The character, amount and legal status of their purported debts, as reported to the CRAs, were not communicated to Plaintiff prior to the reporting and they were not verified even after Plaintiff's dispute.

50.    Defendants used unfair or unconscionable means in their attempts to collect alleged debts in violation of 15 U.S.C. § 1692f. Specifically, Defendants reported unverified debts in Plaintiff's name to coerce Plaintiff to make payments.

51.    Defendants' violations actually and proximately caused Plaintiff's injuries.

52.    As a result of Defendants' violations of the FDCPA, Plaintiff prays for declaratory relief that Defendant's conduct violated the FDCPA. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and costs and attorney's fees per 15 U.S.C. § 1692k(a)(3).

**SIXTH COUNT - Against Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM**

**(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

53.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

54.    Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM used false representations and unfair or unconscionable means in attempt to collect their alleged debts from Plaintiff because they furnished, without notice, and continue to report unverified debts in Plaintiff's name. By such reporting, Defendants CACH, EQUABLE, MIDLAND, PRA AND RJM falsely infer that the Plaintiff is indebted with them. Their conduct is intended to coerce Plaintiff into payment of debts for which Defendants have no proof of validity or right to collection in violation of Cal. Civil Code § 1788.17.

55.    Defendants' violations actually and proximately caused Plaintiff's injuries.

**COMPLAINT**

56.     As a result of Defendants' violations of the RFDCPA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal. Civ. Code § 1788.30(b); and costs and attorney's fees per Cal. Civ. Code § 1788.30(c).

## SEVENTH COUNT - Against All Defendants

## (DEFAMATION BY LIBEL)

57.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

58.     Defendants repeatedly published or have caused to be published written material information they knew or should have known to be false. Specifically, Defendants are directly responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the CRAs. Defendants inaccurately published information was accessible to parties with access to Plaintiff's credit reports.

59.     The information disseminated via publication was made of and concerning the Plaintiff and was so understood by those who viewed the publication.

60.     Defendants' violations actually and proximately caused Plaintiff's injuries.

61.     The information is libelous in that it causes enormous harm to Plaintiff's creditworthiness and defamed Plaintiff in the eyes of her current and potential creditors.

62.     The publication of Defendants' unverified accounts on Plaintiff's credit reports and repeated failure to correct such publication was done with malice to injure Plaintiff for the direct benefit of Defendants. Accordingly, Plaintiff seeks an award of punitive damages.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Actual damages;

2. Statutory damages;

3. Civil penalties;

4. Legal fees and costs;

5. Prejudgment and postjudgment interest;

6. Punitive damages;

7. Declaratory relief;

8. Injunctive relief;

9. For additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: October 04, 2012

**KAASS LAW**

By: _____

Vahag Matevosian, Attorney for Plaintiff

11

**COMPLAINT**